## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Rachel Todd, ) | |
| ) | Civil Action No. 3:16-cv-00883-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Cary's Lake Homeowners Association; ) | |
| Upper Rockyford Lake Owners ) | |
| Association, Inc., f/k/a ) | |
| North Lake Company, Inc.; ) | |
| Lake Elizabeth Estates, Inc.; and ) | |
| Owners Insurance Company[1], ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the Motion to Sever of Defendant Owners Insurance Company ("Defendant") to sever the claims of Rachel Todd ("Plaintiff") against it from her claims against its Co-Defendants.[2] (ECF No. 7.) Defendant moreover requests that this court retain Plaintiff's claims against it and remand to state court Plaintiff's separate claims against its Co-Defendants. (*Id.*) For the reasons set forth herein, the court **GRANTS** Defendant's Motion to Sever (ECF No. 7).

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her action in state court on February 24, 2016 seeking damages stemming from the October 2015 flooding of her home. (ECF No. 1-1 at 5–21.) Plaintiff asserted claims of bad faith, breach of contract, and breach of contract with fraudulent intent against Defendant

---

[1] In its Answer, Defendant Owners Insurance Company states that it was "erroneously named and served as 'Auto-Owners Insurance Group.'" (ECF No. 2 at 1.) This court corrects Defendant's name here for the record.

[2] "Co-Defendants" refers to Defendants Cary's Lake Homeowners Association; Upper Rockyford Lake Owners Association, Inc., f/k/a North Lake Company, Inc.

1

for not paying insurance policy benefits for the flood damage. (*Id.*) Plaintiff sued the other Co-Defendants in this matter for negligence, strict liability, and nuisance for their alleged failure to maintain, build, and/or operate the dams, the breaking of which allegedly contributed to the flood damage of Plaintiff's property. (*Id.*)

Defendant is incorporated under the laws of Michigan and has its principal place of business there. (ECF No. 1-1 at 5–6.) Plaintiff and all the other Co-Defendants are South Carolina citizens and residents. (*Id.*) Defendant filed a Notice of Removal to federal court on March 18, 2016. (ECF No. 1.)

## II.     LEGAL STANDARD

*A. Removal and Diversity Jurisdiction*

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction"); *see also Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441 (2012), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent jurisdiction based on the presentation of a federal

question, *see* 28 U.S.C. § 1331 (2012), a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a) (2012). "[28 U.S.C. § 1332(a)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (footnote omitted); *Crawford v. C. Richard Dobson Builders, Inc.*, 597 F. Supp. 2d 605, 608 (D.S.C. 2009) ("The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant."). Moreover, a corporation is a "citizen" of the state in which it is incorporated. 28 U.S.C. § 1332(c)(1).

Removal requires the consent of all defendants, unless the defendant is a nominal party. *See* 28 U.S.C. § 1446(b)(2) (2012); *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). Moreover, in evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980). Whether a party is nominal for removal purposes depends on whether the party has an "immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire Ins. Co.*, 736 F.3d at 260. "In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Id.*

   B.  *Joinder and Severance of Parties*

3

Rule 20(a)(2) of the Federal Rules of Civil Procedure describes the requirements for permissive joinder: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The United States Supreme Court has articulated that "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Additionally, the Court of Appeals for the Fourth Circuit has explained that "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs. Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007).

A district court also possesses broad discretion in ruling on a requested severance under Fed. R. Civ. P. 21. *See Saval v. BL, Ltd.*, 710 F.2d 1027, 1031–32 (4th Cir. 1983). Specifically, whether to drop parties from a case to establish diversity between the remaining parties is a decision within the trial court's discretion. *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691 (4th Cir. 1978) ("There is, of course, sound authority for the view that non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants . . . ."). However, a court cannot ignore Rule 20's requirements. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also, e.g.*, *McCoy v. Willis*, No. 4:07-cv-3563-PMD-TER, 2008 WL 4221745, at *5 (D.S.C. Sept. 15, 2008). If Rule 20's requirements are not met, and defendants are deemed improperly joined, the court "on motion or *on its own* . . . may at any time, on just terms . . . drop a party." Fed. R. Civ. P. 21 (emphasis added). Rule 21 provides the court with the power to sua sponte sever improperly joined

4

defendants. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832, L.Ed.2d 893 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time . . . ."). A court can sever misjoined parties if the severance will not prejudice substantial rights. *See, e.g.*, *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

### III.    ANALYSIS

*A. Parties' Arguments*

At the outset, Defendant avers that removal was appropriate because all of its Co-Defendants are "nominal" defendants whose South Carolina residencies cannot defeat diversity. (ECF No. 7 at 3.) Defendant next argues that its Co-Defendants were improperly joined in this action under Rule 20. (*Id.*) More specifically, Defendant explains that joinder was inappropriate because Plaintiff asserts "separate claims against two distinct sets of defendants which do not arise out of the same transaction or occurrence, and there exists no common questions of law or fact between these separate claims." (*Id.* at 4.) Defendant concludes that the requirements for diversity jurisdiction are met as to Plaintiff's claims against it, alone, and that this court should sever Plaintiff's other claims against the Co-Defendants under Rule 21 due to the "misjoinder" of the non-diverse Co-Defendants. (*Id.* at 9.)

Plaintiff counters that Defendant never actually demonstrated that its Co-Defendants were "nominal." (ECF No. 22 at 2.) Plaintiff next contends that contrary to what Defendant argues, "all of the claims in this litigation arise from . . . the breaking of non-maintained poorly constructed and designed dams." (*Id.*) More specifically, Plaintiff argues that proof of her breach of contract and breach of contract with fraudulent intent claims against Defendant hinges on proof of the Co-Defendants' negligence as dam owners. (*Id.* at 5 (relying primarily on *Hanna*

5

*v. Gravett*, 262 F. Supp. 2d 643, 647–48 (E.D. Va. 2003).)  As such, Plaintiff claims that it would be "unfair and prejudicial" for her to have to relitigate the Co-Defendants' negligence in a separate action and that this court should weigh concerns about "judicial economy and the desirability of reducing litigation." (*Id.*)

  B. Court's Analysis

   1. Removal and Permissive Joinder

This court first finds that Defendant's removal to federal court was proper since, for the purposes of determining complete diversity jurisdiction, the court need only consider the citizenship of Plaintiff (South Carolina) and Defendant (Michigan).  This finding rests on the fact that the Co-Defendants do not appear to have an "immediately apparent stake" in the litigation of Plaintiff's breach of contract and bad faith claims against Defendant.  *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013) (explaining that in deciding if a defendant is "nominal," the "key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way"); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980).

For similar reasons, this court finds improper the joinder of Plaintiff's claims against Defendant and its Co-Defendants.  Fed. R. Civ. P. 20(a)(2) describes the specific requirements for permissive joinder: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Plaintiff alleges negligence, strict liability, and nuisance claims—and appropriate relief therefrom—only against the Co-Defendants. (ECF No. 1-1 at 9–18.)  Plaintiff also alleges bad

faith, breach of contract, and breach contract with fraudulent intent claims—and appropriate relief therefrom—only against Defendant. (*Id.* at 18–21.) It thus does not appear that Plaintiff has asserted against Defendant and its Co-Defendants a right to relief "jointly" or "severally."

Neither do Plaintiff's respective claims against Defendant and its Co-Defendants appear to arise out of the "same transaction or occurrence." The occurrence at issue in Plaintiff's tort claims against the Co-Defendants is the construction and maintenance of the dams in a way that may have contributed to her property being damaged by the October 2015 flooding. The transaction at issue between Plaintiff and Defendant is wholly different: an insurance policy Plaintiff and Defendant negotiated. This court finds that Plaintiff's allegations are not enough to tie together her tort claims to any bad faith, breach of contract, and breach of contract with fraudulent intent claims under the insurance policy. *See, e.g.*, *Pollock v. Goodwin*, No. 3:07-3983-CMC, 2008 WL 216381, at *3 (D.S.C. Jan. 23, 2008) (recognizing that bad faith/breach of contract claims against an uninsured motorist carrier are "wholly distinct in character from" negligence claims against individuals arising out of an automobile accident and thus improperly joined under Rule 20, as an accident is not part of the "transaction" giving rise to contract-based claims against an uninsured motorist carrier); *Ortiz v. A.N.P.*, Inc., No. 10-cv-917, 2010 WL 3702595, at *6 (S.D. Tex. Sept. 15, 2010) (concluding that a tort claim to be severed did not arise out of the same transaction or occurrence for the same reason).

This court also finds that the separate tort and contract claims Plaintiff asserts do not raise any questions of law or fact common to all parties, as Fed. R. Civ. P. 20 also requires. From a legal perspective, Plaintiff does not allege that Defendant is an alleged tortfeasor. Nor does she allege that Defendant was solely or partly responsible for maintaining the dams. Plaintiff's bad faith, breach of contract, and breach of contract with fraudulent intent claims against Defendant

7

instead arise out of an insurance contract. Determining whether the Co-Defendants breached a duty of care to Plaintiff in maintaining the dams will generally require an altogether separate legal inquiry than the contract-based claims against Defendant.

And contrary to Plaintiff's intimation otherwise, the claims against Defendant do not require proof of negligence on the part of the Co-Defendants such that all of the claims against all Defendants in this matter are "inextricably related." (ECF No. 22 at 5.) This is primarily because the policy exclusion on which Defendant relies is not fault-based; rather, the provision excludes coverage for flood damage.[3] Whether the Co-Defendants were negligent in maintaining the dams seems to be immaterial to a determination of whether Defendant breached the insurance contract or mishandled Plaintiff's claim related to her insurance policy.

From a factual standpoint, the adjudication of Plaintiff's tort claims likely would require a consideration of facts concerning the construction and maintenance of the dams, that which bears little relation to the kinds of facts undergirding Plaintiff's contract claims about insurance policy coverage. Although Plaintiff will need to establish the underlying facts of the flood and

---

[3] For this reason, this court can easily distinguish *Hanna v. Gravett*, 262 F. Supp. 2d 643 (E.D. Va. 2003), the case on which Plaintiff relies for why severance is inappropriate. In *Hanna*, a Maryland district court ruled that the plaintiff properly joined an underinsured motorist's carrier and the alleged tortfeasor as co-defendants. *Id.* at 647–48. The court explained that the defendants' legal obligations were aligned since the plaintiff would not be able to recover from either without a finding of negligence as to the alleged tortfeasor. *Id.* (noting that under Maryland law's standard for underinsured motorist coverage, the legal obligations of both the underinsured motorist's carrier and the alleged tortfeasor, as defendants, were based upon a factual showing of negligence and further that the extent of the plaintiff's damages "will have a bearing on the extent of each defendant's liability"). In the instant case, however, Defendant's liability as to Plaintiff does not hinge on the Co-Defendants' tort liability; the insurance policy at issue concerns first party coverage, not liability coverage. While Plaintiff alleges that Defendant breached the insurance policy contract by refusing to pay for the damages that resulted from the Co-Defendants' alleged negligence, (ECF No. 1-1 at 18–21), these allegations do not require Plaintiffs to provide facts and evidence as to its negligence claim to prevail on its breach of contract and bad faith claims, as they argue. (ECF No. 22 at 5.) The Co-Defendants' liability has nothing to do with the basis for the lack of coverage or the existence of coverage under the policy Defendant issued to Plaintiff.

the extent of her damages to recover under the breach of contract claim, whether the Co-Defendants were negligent in the maintenance of its dams clearly is a separate factual inquiry than whether Plaintiff and Defendant's insurance contract can or should be interpreted in a way that allows for coverage of flood damage to property.

In conclusion, this court finds that because the Co-Defendants are nominal, removal to federal court was proper since diversity exists between Plaintiff and Defendant.[4]  Moreover, joinder of Plaintiff's claims against all Defendants was not proper since Fed. R. Civ. P. 20 does not contemplate joinder of the separate legal and factual inquiries of Plaintiff's claims, respectively, against Defendant and its Co-Defendants.  *See Cramer v. Walley*, No. 5:14-cv-03857-JMC, 2015 WL 3968155 (D.S.C. June 30, 2015) (noting that "the weight of authority holds that claims for negligent operation of an automobile do not arise from the same transaction or occurrence as a subsequent claim against an insurer . . . involving coverage questions, and therefore cannot be joined under Fed. R. Civ. P. 20"); *see also, e.g.*, *Defourneaux v. Metropolitan Prop. and Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165, at *1 (E.D. La. 2006) (severing the plaintiffs' negligence claims from their contract claims as to the flood damage to plaintiffs' property and concluding: The plaintiffs' claims against the defendants did not arise from the same transaction or occurrence, and do not present common issues of law or fact, and as such, have been improperly joined."); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (finding first that an alleged tortfeasor and an uninsured motorist carrier were fraudulently joined, then severing and remanding plaintiff's tort claim against the non-diverse defendant tortfeasor, and retaining the contract and bad faith claims against diverse defendant uninsured motorist carrier); *Beaulieu v. Concord Group Ins. Co.*, 208 F.R.D. 478,

---

[4] In addition to diversity of citizenship between the parties, the amount in controversy in this matter exceeds $75,000, as 28 U.S.C. § 1332(a) requires.  (*See generally* ECF No. 1.)

479–481 (D.N.H. 2002) (granting a defendant's motion to sever after determining that the plaintiff's claim against one defendant for negligent driving was separate and independent from her claims of breach of contract against the defendant insurer); *Pena v. McArthur*, 889 F. Supp. 403, 405–407 (E.D. Cal. 1994) (granting a motion to sever after concluding that the plaintiff's negligence claim against one defendant was improperly joined with her bad faith claim against another defendant); *Gruening v. Sucic*, 89 F.R.D. 573, 573–575 (E.D. Pa. 1981) (finding that the plaintiffs' claims of negligent driving were improperly joined with their claims against their insurer for breach of fiduciary duty).

2. Severance of Claims upon Removal from State Court

The court next turns to whether the claims should be severed. As Defendant notes, this very court, in a recent decision on a similar issue, weighed four factors to help it conclude the appropriateness of severing tort claims from an insurance claim under Fed. R. Civ. P. 21. *See Cramer v. Walley*, No. 5:14-cv-03857-JMC, 2015 WL 3968155 (D.S.C. June 30, 2015). The factors this court considered included: (1) whether the issues sought to be severed are "significantly different from one another;" (2) whether the issues require different witnesses and evidence; (3) whether the "party opposing severance will be prejudiced; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." *Id.* (citation omitted).

Applying those same factors here, the court concludes that the tort claims should be severed. First, this court, like several others, finds that the claims may not be joined together because they are significantly different. *See supra* Part IV.B. And the plain language of Fed. R. Civ. P. 20 supports that conclusion. Secondly, it is reasonable to imagine the ways in which Defendant might be prejudiced in having the claims against it joined with the separate and

10

unrelated claims of tort liability of the three other Defendants. For example, a jury's finding as to Defendant's breach of contract or bad faith liability could very easily be influenced by a jury sympathetic to Plaintiff after a separate potential jury finding that the Co-Defendants engaged in tortious conduct in their construction and maintenance of the dams, the breaking of which helped caused Plaintiff's unfortunate property damage. Moreover, the only potential "prejudice" Plaintiff points to is the "unfair[ness]" to it for possibly having to re-litigate the question of negligence, (ECF No. 22 at 5–6), that which is unlikely since, again, the first-party coverage claims against Defendant have little to do with any potential tortious activity that contributed to Plaintiff's damaged property.

This court therefore finds that severance of Plaintiff's tort claims against the Co-Defendants is appropriate in this matter. Because there is no question of federal law between Plaintiff and the Co-Defendants and because no diversity jurisdiction exists between them, this court also must remand to state court Plaintiff's tort claims against the Co-Defendants.

## IV. CONCLUSION

Based on the aforementioned reasons, the court hereby **GRANTS** Defendant's Motion to Sever (ECF No. 7) and **REMANDS** Plaintiff's claims against Cary's Lake Homeowners Association; Upper Rockyford Lake Owners Association, Inc., f/k/a North Lake Company, Inc.; and Lake Elizabeth Estates, Inc. to state court for further proceedings and for rulings on any motions relevant only to these Defendants, including Defendant Cary's Lake Homeowners Association's Motion to Dismiss (ECF No. 14). This court retains jurisdiction over Plaintiff's claims against Defendant Owners Insurance Company.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 22, 2016
Columbia, South Carolina