**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Rachel Todd, ) | |
| ) | Civil Action No.: 3:16-cv-00883-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Owners Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Before the court is a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), filed by Defendant Owners Insurance Company ("Defendant") (ECF No. 20), seeking judgment in its favor on its counterclaim for declaratory judgment against Plaintiff Rachel Todd ("Plaintiff") (ECF No. 2 at 10-15) as well as on Plaintiff's claims for bad-faith refusal to pay, breach of contract, and breach of contract with fraudulent intent against it (ECF No. 1-1 at 18-20).

Plaintiff initiated this action by filing suit in the Court of Common Pleas for Richland County, South Carolina, on February 16, 2016, against Defendant and against Cary's Lake Homeowners Association, Upper Rockyford Lake Owners Association, Inc., and Lake Elizabeth Estates, Inc. (together, not including Defendant Owners Insurance Company, the "dam Defendants"). (ECF No. 1-1.) In her complaint, Plaintiff alleges that "[o]n October 4, 2015, the State of South Carolina experienced hours of intense rainfall as a result of the convergence of two powerful weather systems" and that "[a]fter hours of rainfall, a dam in northeastern Richland County cracked and then eventually broke completely, allowing a substantial amount of muddy water to flow freely downstream through its earthen dike." (*Id.* at 7.) Plaintiff specifically alleges that the "release of contained water was not due to a breach of the dam because of the height of

1

the water but rather due to the failed and eroded construction of the body of the dam itself, as well as a lack of maintenance needed to protect its integrity." (*Id.*) Plaintiff further alleges that the waters continued to flow through Gills Creek watershed causing several other dams owned or maintained by the dam Defendants to fail or break. (*Id.*) "The effect of the dams' breaking . . . was a powerful surge of an enormous amount of water throughout the Columbia area," which "sent an incursion of water . . . into Plaintiff[s'] home . . . ." (*Id.* at 8.) Plaintiff asserted claims for negligence, strict liability, and nuisance against the dam Defendants based on their alleged failure to maintain, build, and/or operate the dams, the breaking of which allegedly contributed to the damage of Plaintiff's property. (*Id.* at 7-18.)

Plaintiff also alleges that her home was covered by an insurance policy entered into between Defendant and Plaintiff and that Defendant refused to make payments to Plaintiff allegedly due under the policy's terms on the basis that the policy excluded coverage for damage caused by flooding. (*Id.* at 9; *see* ECF No. 1-3 at 40-67; ECF No. 1-4 at 1-42.) The exclusion at issue states that Defendant

> do[es] not cover loss to covered property caused directly or indirectly by any of the following, whether or not any cause or event contributes concurrently or in any sequence to the loss:
>
> . . . .
>
> Water damage meaning:
>
> (a) regardless of the cause, flood . . . .

(ECF No. 1-4 at 10, 38.) The policy also contains a notice that purports to be required by the South Carolina Department of Insurance, with the heading "LIMITATIONS OR EXCLUSIONS UNDER THIS POLICY" and stating, "Flood—Flood damage is not covered under your policy." (ECF No. 1-3 at 60.)

2

> In her complaint, Plaintiff alleges that the exclusion set forth above
>
> does not apply to the circumstances leading to Plaintiff's losses to her home[,] and payment should be made pursuant to the terms of the homeowner's policy in effect. The damage to the home was the direct result of broken manmade dams due to failed construction and lack of maintenance; the negligence of third-parties caused or greatly contributed to the damage to Plaintiff's home. It was not the result of a flood as contemplated within the language of the Exclusion for water damage.

(ECF No. 1-1 at 19.) Based on the allegations set forth above, Plaintiff's complaint includes a claim for breach of contract against Defendant on the ground that Defendant failed to make payments for the damages sustained by the home and a claim for breach of contract with fraudulent intent based on the same failure to make payments. (*Id.* at 19-20.) The complaint also contains a claim against Defendant for bad-faith refusal to pay based on an alleged breach of the implied covenant of good faith and fair dealing again grounded on the same failure to make payments. (*Id.* at 18-19.)

The action was removed to federal court pursuant to the court's diversity jurisdiction (ECF No. 1), and, following removal, the court entered an order severing the claims against the dam Defendants, remanding them to state court, and retaining jurisdiction over the claims against Defendant (ECF No. 31.) Defendant filed a counterclaim against Plaintiffs, seeking a declaratory judgment, pursuant to 28 U.S.C. § 2201, *et seq.*, "declaring that the [policy] does not provide coverage for the flood damage to [Plaintiff's home] under the circumstances presented in [Plaintiff's] action." (ECF No. 2 at 14.)

On April 15, 2016, Defendant filed the instant motion for judgment on the pleadings, pursuant to Rule 12(c), arguing that it is entitled to judgment on its claim for declaratory judgment because the facts alleged by Plaintiff show that the policy does not provide coverage for the damage sustained by Plaintiff's home and that Plaintiff's claims against Defendant fail as a matter

3

of law because they are all grounded on the allegation that the policy provides such coverage. (*See* ECF No. 20.) Reduced to essentials, Defendants' argument is that the term "flood," as used in the policy and in South Carolina law, encompasses the circumstances alleged by Plaintiff and, therefore, that the water damage sustained by the home is not covered by the policy. (*See id.*) Plaintiff has filed no response to the motion.

In a related case, *Morris v. Auto-Owners Insurance Co.*, No. 3:16-cv-00880-JMC (D.S.C.), involving a closely related affiliate of Defendant,[1] the court recently entered an order granting the defendant's motion for judgment on the pleadings. (*See* No. 3:16-cv-00880-JMC, ECF No. 70.) The court takes note of the similarities between the instant case and *Morris*. Plaintiff's complaint and the plaintiffs' complaint in *Morris* are indistinguishable for relevant purposes, alleging nearly identical facts and asserting the same claims against Defendant and the closely affiliated defendant in *Morris*. (*Compare* ECF No. 1-1 at 5-21, *with* No. 3:16-cv-00880-JMC, ECF No. 1-1 at 6-23.) The insurance policies in both cases contain the exact same relevant provisions. (*Compare* ECF No. 1-3 at 60, *and* ECF No. 1-4 at 10, 38, *with* No. 3:16-cv-00880-JMC, ECF No. 1-2 at 93, 118, *and* No. 3:16-cv-00880-JMC, ECF No. 1-3 at 2.) The counterclaim that Defendant filed against Plaintiff is nearly identical to the counterclaim its affiliate filed in the *Morris* case. (*Compare* ECF No. 2 at 10-15, *with* No. 3:16-cv-00880-JMC, ECF No. 4 at 10-14.) Defendant's motion for judgment on the pleadings in the instant case is nearly identical to the motion for judgment on the pleadings its affiliate filed in the *Morris* case. (*Compare* ECF No. 20, *with* No. 3:16-cv-00880-JMC, ECF No. 23.) Moreover, the cases have followed nearly identical procedural paths.

---

[1] There has been some confusion over the proper name for Defendant in this matter (*see* ECF No. 2 at 1; ECF No. 20 at 1; ECF No. 31 at 1 n.1) and for the similarly named defendant in the *Morris* case (*see* No. 3:16-cv-00880-JMC, ECF No. 37 at 1 n.1). Regardless of the confusion, it is clear that the defendants in both cases are closely affiliated. (*Compare* ECF No. 1-3 at 57, *with* No. 3:16-cv-00880-JMC, ECF No. 1-2 at 57.)

In the court's order granting the affiliated defendant's motion for judgment on the pleadings in the *Morris* case, the court agreed that the defendant was entitled to judgment on the claims. (No. 3:16-cv-00880-JMC, ECF No. 70.) Because the facts that have been alleged and the arguments that have been advanced in the instant case are indistinguishable from those in *Morris*, the court perceives no reason why the grounds for which it granted the affiliated defendant's motion in the *Morris* case would not apply equally as well to Defendant's motion in this case. Moreover, because Plaintiff has failed to oppose the motion, she has failed to apprise the court with any reasons why the analysis advanced by Defendant in the instant motion and accepted by the court in *Morris* should be rejected here. Thus, the court concludes that, for the reasons stated in its order granting the affiliated defendant's motion for judgment on the pleadings in the *Morris* case, Defendant's motion for judgment on the pleadings in the instant case should be granted.

Accordingly, Defendant's motion for judgment on the pleadings, pursuant to Rule 15(c), (ECF No. 20) is **GRANTED**. Defendant is entitled to a declaration that the policy excludes coverage for the flood damage to Plaintiff's home under the circumstances presented in Plaintiff's complaint. Additionally, Defendant is entitled to judgment in its favor on Plaintiff's claims against Defendant for breach of contract, breach of contract with fraudulent intent, and bad-faith refusal to pay (ECF No. 1-1 at 18-20). Accordingly, it is **ORDERED** that judgment be entered in favor of Defendant.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

December 29, 2016
Columbia, South Carolina